ORDER (Special Needs Request Denied)
JOAN GREENDEER-LEE, Associate Judge.
INTRODUCTION
On September 19, 1997, the guardian for Stuart Taylor, Jr. requested the Court to release funds from his trust account to cover special needs not being compensated by the Ho-Chunk Nation [hereinafter HCN]. The above-entitled matter came before this Court as a petition requesting a special needs assessment before the Honorable Joan Greendeer-Lee, Ho-Chunk Nation Trial Judge. Appearances were made the petitioner, father, and guardian for Stuart Taylor, Jr., Stuart Taylor, Sr. and in person, Stuart Taylor, Jr. Todd Matha and Kari Kilday, HCN Department of Justice, appeared for the defendant, the HCN Enrollment Department.
Pursuant to the HCN Per Capita Distm-BtmoN Ordinance Fiscal Year 1995-1996, Past VI, § 6.01(b) the petitioner filed a Petition for the Release of Per Capita, Distribution. This Ordinance provides that “Funds in the CTF of a minor or legally incompetent member shall be available for the benefit of a beneficiary’s health, education and welfare when the *219 needs of such person are not being met from other Tribal funds or other state or federal public entitlement programs, and upon a finding of special needs by a court of competent jurisdiction.”
In order to request such funds, a written request must be submitted to the Nation by the beneficiary’s parent or legal guardian. The parent or legal guardian shall maintain records sufficient to demonstrate that the funds disbursed were expended as required by the Ordinance and any applicable federal law. Petitioner Stuart Taylor, Sr. has come before the HCN Trial Court on behalf of and as legal guardian of Stuart Taylor, Jr. for a determination of “special need” pursuant to the HCN Per Capita Ordinance, Part VI, § 6.01(b). The Petitioner is seeking the release of a set amount from Stuart Taylor, Jr.’s per cap-ita trust fund. As the legal guardian of Stuart Taylor, Jr., the petitioner has requested the Court to make a determination of special need based on the information provided to the Court in the Petition and during the Hearing of October 24, 1997. The HCN Trial Court is a court of competent jurisdiction entrusted to make a finds of “special need” in order for the trust fund monies to be accessible.
FINDINGS OF FACT
1. Stuart Taylor, Jr., is a Ho-Chunk enrollment member, Tribal Id. # 439A004524.
2. Stuart Taylor, Jr. requested $503.83 to purchase a class ring. {See, Exhibit C.)
3. Stuart Taylor, Sr. stated that he has no funds to assist his son in purchasing the class ring because he has a household monthly costs of $1,800.00 exceeding his monthly income of $1,284.00 due to:
an existing $5,000.00 tribal loan
an existing Coop Credit Union loan of $2,000.00
an existing mortgage monthly payment of $350.00
an existing car loan monthly payment of $150.00
an outstanding taxes per month due to the Internal Revenue Service of $100.00 plus miscellaneous household costs for food, clothing and utilities.
4. Stuart Taylor, Sr. offered a Supportive PreK-12 Education Grant Program, Individual Grant Application Packet showing that class rings are not covered through this program. (See, Exhibit D, page 3.)
5. Stuart Taylor, Sr. offered a two and a half year old letter; Ms. Paula Johnson, a school counselor for the Black River Falls Middle School, wrote a letter recommending that Stuart Taylor, Jr. be considered for a student achievement award on May 15, 1995. (See, Exhibit B.)
6. Stuart Taylor, Jr. does not work, nor has he approached his mother about assisting him to finance the purchase of the class ring.
7. Stuart Taylor, Jr. offered to pay back half the money borrowed from his trust fund account, (emphasis added)
8. As of August 31, 1996, Stuart Taylor, Jr.’s total funds in the account amounted to $11,054.61.
DECISION
The legal guardian, Stuart Taylor, Sr., has made a petition for the release of per capita funds for the benefit of Stuart Taylor, Jr. The Court will not grant the release of such per capita distribution funds since the petitioner failed to show how the funds will benefit the ward as a “special need.” As identified in Marian Blackdeer v. Ho-Chunk Nation Enrollment Dept., CV 96-27 (HCN Tr. Ct., August 22, 1996), the Court is ensuring that *220 an adult incompetent or minor through his/her guardian, has the benefit and use of funds deposited and held in trust on his behalf. The Department of Justice, during the Hearing and in its Answer, objected to this Petition submitted by the guardian since the request tenuously appears related to the beneficiary’s education and welfare. Thus, it fails to meet the second part of the two prong test which provides that: (1) the needs of such person are not being met from other Tribal funds, or other state or federal public entitlement programs, and (2) upon a finding of special need by a court of competent jurisdiction. Id. at 5.
This petitioner failed to meet the two-prong test. Stuart Taylor, Sr.’s offered evidence indicates that he, as petitioner seeking trust monies on behalf of Stuart Taylor, Jr., met the two prong test. The Department of Justice objected since the HCN Pek Capita Ordinance, § 6.01(b) was clearly intended to benefit individuals with “special needs.” The Department of Justice said that the Petition was a wish or want and should not be considered a “special need.” This Court was sympathetic to this minor wanting a class ring and “fitting in with his class,” but clearly the HCN Per Capita Ordinance was intended to meet the special needs of its tribal members who are unable to attend to those needs personally.[1] When such funds provide for the health and welfare of the adult ward, and tribal, state, or local funds are unavailable to the ward, the minors or adult incompetents should be afforded access to the same or similar resources as minors under the HCN Per Capita Ordinance, § 6.01(b). The Court was not convinced by the petitioner that this Petition was a special need and how the best interest of the ward will substantially benefit when funds are available to him for a basic use otherwise not available through other tribal programs.
IT IS SO ORDERED this 3rd day of November 1997, NUNC PRO TUNC October 24, 1997, at the Ho-Chunk Nation Court in Black River Falls, Wisconsin from within the sovereign lands of the Ho-Chunk Nation.

. The Court articulated that this HCN Per Capita Ordinance would not reach to such requests as Mr. Taylor petitioned, but suggested that Mr. Taylor approach the HCN Legislature to request that youth slot fund or other tribal sources be available for class ring so these students gain school pride and a sense of belonging.